Opinion by JOHNSON, J. In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protests were dismissed for lack of prosecution.

**No. 59669.**—Gillespie & Co. of New York, Inc. v. United States, protest 259843–K (New York).

Opinion by JOHNSON, J. In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

**No. 59670.**—Rohner, Gehrig & Co., Inc. v. United States, protest 260711–K (New York).

Opinion by JOHNSON, J. In accordance with rule 5 (b) of the rules of this court, as amended May 25, 1955, effective July 1, 1955, the protest was dismissed for lack of prosecution.

JANUARY 16, 1956

**No. 59671.**—SUIT 4839.—United States v. C. M. Gourdon, Inc.—C. D. 1662 affirmed November 4, 1955. C. A. D. 601.

**No. 59672.**—SUIT 4842.—United States v. Antonio Pompeo.—C. D. 1669 affirmed November 4, 1955. C. A. D. 602.

JANUARY 19, 1956

**No. 59673.**—SUIT 4844.—Hudson Shipping Co., Inc. v. United States.—A. R. D. 53 affirmed December 8, 1955. C. A. D. 604.

BEFORE THE FIRST DIVISION, JANUARY 25, 1956

**No. 59674.**—S. S. Kresge Company et al. v. United States, protests 7958–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of animal or human figures, composed wholly or in chief value of papier mâché, the same in all material respects as those the subject of Abstract 56975, the claim of the plaintiffs was sustained.

**No. 59675.**—S. S. Kresge Company v. United States, protests 50451–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of figures or articles, composed wholly or in chief value of papier mâché, the same in all material respects as those the subject of Abstract 56975, the claim of the plaintiff was sustained.

**No. 59676.**—S. S. Kresge Co., Inc. *v.* United States, protests 72002–K and. 78603–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of figures or articles, composed wholly or in chief value of papier mâché, the same in all material respects as those the subject of Abstract 56975, the claim of the plaintiff was sustained.

**No. 59677.**—Coty, Inc. *v.* United States, protest 188441–K (New York).

MOLLISON, Judge: Counsel have stipulated and agreed in this case that—

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States as follows:

1. That the merchandise in question herein consists of toilet soap which was assessed with tax at the rate of 0.0351915 cents per pound under Section 2491 (a) (c) of the Internal Revenue Code, as modified by the Trade Agreements published in T. D. 51649 and/or T. D. 51802, on a dutiable net weight of 24,262 pounds.

2. That said rate of duty was computed by the Collector of Customs on the basis that the said soap was produced solely with the use of the following quantities and kinds of fats and oils: 75% Best Tallow, 23% Coconut Oil, and 2% Rosin.

3. That the said soap in fact was not produced solely with the use of the said fats and oils but as imported contained 90.2% salts of fatty acids. It also contained 9.8% moisture, fillers and other materials not provided for in the Internal Revenue Code; that 75% of said 90.2% salts of fatty acids was derived from Best Tallow, 23% was derived from Palm Kernel Oil, and 2% was derived from Rosin; that said Rosin or its salts is not provided for in the Internal Revenue Code; and that no Coconut Oil was used in the production of said soap.

4. That the net weight of 24,262 pounds used in the liquidation of the entry is the correct net weight of the soap involved herein.

5. That the above protest is abandoned as to Entry 714547 and said protest may be deemed to be submitted for decision upon this stipulation.

The protest having been abandoned with respect to entry 714547, it will be overruled to that extent, and judgment will issue accordingly.

Paragraphs 1 to 4, inclusive, of the stipulation, therefore, apply only with respect to the merchandise covered by entry 876637, the only other entry involved in the protest.

Various claims are made in the protest, and by amendment thereof, to the effect that an erroneous and excessive rate of tax under the provisions of the Internal Revenue Code of 1939 was applied to the merchandise at bar.

Sections 2490 and 2491 (c) of the Internal Revenue Code of 1939, as in force and effect at the time of importation of the merchandise here involved, imposed a tax or duty upon—

Any article, merchandise, or combination (except oils specified in section 2470), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or of the oils, fatty acids, or salts specified in section 2470, * * * at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such section 2470 in respect of such product